IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| V. | : |
| | :     CRIMINAL NO. RWT-11-514 |
| JOSE JOAQUIN MORALES, | : |
| Defendant. | : |

...oooOooo...

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A NEW TRIAL

The United States of America, by its counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Martin J. Clarke and Sandra Wilkinson, Assistant United States Attorneys for said district, hereby responds to the Defendant's motion for a new trial in the above-captioned case.

    **A.**    **The Defendant's Motion Should be Denied Because Rule 33 of the Federal Rules of Criminal Procedure Applies Only to Cases in Which a Trial Took Place.**

The Defendant, Jose Morales, has fashioned his request for reconsideration of his sentence as a motion for a new trial pursuant to Fed.R.Crim.P. 33. More specifically, relying on Section (b)(1) of Rule 33, the Defendant demands a new trial on the basis of "newly discovered evidence," which he describes as additional evidence he could have used to impeach a government witness, Marshawn Stokes, who testified at his sentencing hearing.

On its face, the Defendant's motion reveals an obvious dissonance between the express purpose of Rule 33, the relief requested, and what actually happened in this case; namely, there never was a trial in this case because the Defendant elected to plead guilty. In other words, the Defendant seeks a second trial without ever having been tried the first time. Notwithstanding the impossibility of challenging a trial he never had, the Defendant seeks to use Rule 33 to upend the *sentence* the Court imposed after his sentencing hearing on August 9, 2013. Yet, the Defendant

offers no legal authority for this Court to extend the scope of Rule 33 to include his post-conviction request for a new sentencing hearing or for a modification of his sentence, and the government cannot find any such authority.[1]

To the contrary, "Rule 33 of the Federal Rules of Criminal Procedure, which authorizes motion for new trials, applies only to cases in which a *trial*, either to the court or to a jury, has taken place." *United States v. Lambert*, 603 F.2d 808 (10th Cir. 1979)(emphasis in original)(holding that a Rule 33 motion for a new trial is unavailable to a defendant claiming newly discovered evidence following a guilty plea); *see also*, *United States v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995)("[b]y its express terms, Rule 33 is confined to those situations in which a trial has been had"); *United States v. Blackwell*, 2008 WL 318291, at *4-5 (W.D.Va. Feb 4, 2008)(citing cases, and holding that Rule 33 does not confer jurisdiction upon a district court to review a motion for resentencing based upon newly discovered evidence following a defendant's guilty plea).

In sum, the Court should deny the Defendant's motion for a "new trial," because Rule 33 only applies to cases in which a trial has occurred.

### B. Assuming Arguendo that Rule 33 Applies, a New Sentencing is Not Required Because the Purpose of the Newly Discovered Evidence is to Impeach a Witness and It Would Not Change the Outcome.

If the Court were to determine that it had jurisdiction under Rule 33 to consider granting a new sentencing hearing in this case, then it must consider this Circuit's five-part test: "(1) if the

---

[1] It is noteworthy that the Defendant has not sought to withdrawal his guilty plea; he does not challenge the facts underlying his conviction (either in this motion or in his pending appeal); and he does not raise any other evidentiary issues related to the sentencing hearing. Hence, semantically speaking, his request for "new trial in this matter" based upon newly discovered evidence should be construed as a request for a new sentencing hearing or a modification of sentence pursuant to Rule 33. Def.'s Motion at 4. However, the appropriate avenues for addressing alleged errors at sentencing or to seek a modification of a sentence, other than Rule 33, are 18 U.S.C. § 3582(c), 18 U.S.C. § 3742(a), Fed.R.Crim.P. 35, and 28 U.S.C. § 2255.

2

evidence is newly discovered; (2) if there are facts alleged from which the court may infer due diligence on the part of the movant; (3) if the evidence relied upon is more than cumulative or impeaching; (4) if the evidence is material; and (5) would the evidence probably result in acquittal at a new trial." *United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993). The Defendant must satisfy all five parts of the test. *See United States v. Chavis*, 880 F.2d 788, 793 (4th Cir.1989).

The Court will recall that the government was seeking a two-level upward adjustment for attempted obstruction of justice by relying on the grand jury transcript of Marshawn Stokes. The transcript established that the Defendant had attempted to kill his codefendant in this case, Terry Sadler, in order to prevent her from testifying against him pursuant to her plea agreement. However, the Defendant wanted Mr. Stokes to personally appear at the sentencing hearing, and the Court arranged for that to happen.

Prior to the sentencing hearing and Stoke's testimony, the government disclosed to the Defendant certain impeachment information about Marshawn Stokes, including his complete criminal history, which showed that Stokes had been found guilty of murder in 1997 and sentenced to life imprisonment in federal prison. For the Court's consideration, and as a way to impeach the credibility of Stokes, the Defendant elicited this fact through his cross-examination of Stokes at the sentencing hearing. *See* Exhibit 1, pp. 90-91, 137-39, 143-44.

Subsequent to the sentencing hearing in this case and before the Defendant's recent jury trial for murder that was tried before this Court, the government provided more details to the Defendant about how the judge in Stokes's 1997 case calculated Stokes's sentencing guidelines to arrive at a life sentence. The sentencing judge in Stokes's case imposed an upward adjustment as recommended in Stokes's Presentence Report based upon Stokes's alleged subornation of

3

perjury and threats against witnesses. The Defendant ultimately used this newly disclosed *Giglio* information about Stokes in an attempt to impeach Stokes when he testified for the government at the Defendant's trial. The Defendant now asserts in the present motion that had this Court been aware during the Defendant's sentencing hearing of these additional *Giglio* facts concerning Stokes's sentence for murder in 1997, the Court would not have found Stokes's testimony to be credible and an upward adjustment for obstruction of justice would not have been imposed upon the Defendant.

On page 3 of his motion, the Defendant rightly notes that this additional information about Stokes's life sentence constitutes "**impeaching evidence**." (emphasis added) More specifically, it is additional information concerning an impeachable event about which the Defendant already cross-examined Stokes during the Defendant's sentencing hearing, *i.e.*, Stokes's 1997 murder conviction and sentence. However, as noted above in the five-part test this Court must apply, evidence further impeaching the credibility of a witness is not sufficient for awarding a new trial (or, presumably, a new sentence). *Custis* 988 F.2d at 1359; *see also*, *United States v. Williams*, 415 F.2d 232, 233 (4th Cir. 1969)("newly discovered evidence going only to the question of the credibility of a witness is not sufficient to justify the granting of a new trial"); *United States v. Scherer*, 673 F.2d 176, 179 (7th Cir. 1982)(same); *United States v. Gilbert*, 668 F.2d 94, 96 (2d 1982)(same); *United States v. Stockton*, 788 F.2d 210, 220 (4th Cir. 1986)(same); *United States v. Pena*, 949 F.2d 751, 758 (5th Cir. 1991)(same).

Furthermore, as to the last part of the five-part test for a new trial, the nature of the additional details about Stokes's murder conviction would probably not have changed the Court's finding that the Defendant obstructed justice by attempting to kill his codefendant Terry Sadler. It is hard to imagine that providing the Court with additional information about the 1997

murder conviction would cause the Court to scrutinize Mr. Stokes's testimony any more thoroughly than it already did. Clearly, even without the benefit of the facts about Stokes threatening the witnesses in his own case 16 years earlier, the Court would have been highly skeptical of Stokes's testimony because he was a witness serving a life sentence for murder and he was angling for a reduced sentence under Rule 35. *See* Exhibit 2, p. 181 ("I view [Stokes's] testimony with caution and care as we always instruct juries . . ."). Notwithstanding the highly impeachable nature of Stokes's prior conviction for murder, the Court found sufficient corroborative evidence elsewhere in the record to find Stokes's testimony persuasive and credible, including the video broadcasted testimony of Terry Sadler. *See* Exhibit 2, p. 181 ("I do however accept his testimony. I find it credible, especially in light of the fact that such substantial information about Ms. Sadler was conveyed to him.").

In sum, the Court should deny the Defendant's motion for a new trial because he has failed to meet at least two parts of the required five-part test: (1) the purpose of the newly discovered evidence cannot be used to further impeach a witness and (2) the probable outcome of a new sentencing hearing in light of the newly discovered evidence would not be any different.

### C.     Conclusion

In conclusion, the *Motion for a New Trial* should be denied because the Court lacks authorization under Fed.R.Crim.P. 33 to reconsider a sentence or order a new sentencing hearing. Alternatively, assuming Rule 33 is applicable, the Defendant has failed to meet at least two of the five prerequisites for ordering a new trial.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____/s/_____
    Martin J. Clarke
    Sandra Wilkinson
    Assistant United States Attorney

6

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of November 2013, a copy of the foregoing *Government's Response to Defendant's Motion for a New Trial* was electronically filed and made available to all the parties of record, including the following:

Gary E. Proctor, Esquire
Law Offices of Gary E. Proctor
8 E. Mulberry Street
Baltimore, Maryland 21202

                                                           /s/
                                                Martin J. Clarke
                                                Assistant United States Attorney