# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | \* |
| v. | \*  Case No. RWT 11-cr-514 |
| **JOSE JOAQUIN MORALES** | \* |

## MEMORANDUM OPINION AND ORDER

On February 1, 2013, Jose Joaquin Morales entered a plea of guilty to conspiracy to distribute heroin and conspiracy to distribute marijuana. ECF No. 71. On August 9, 2013, this Court entered a final judgment sentencing Defendant to 262 months of incarceration. ECF No. 102. At the Defendant's sentencing hearing, the Government requested a two-level upward adjustment for attempted obstruction of justice based on the grand jury testimony of Marshawn Stokes, who testified that Morales tried to kill his co-defendant in this case. Government's Response to Defendant's Motion for a New Trial, Nov. 15, 2013, ECF No. 115 ("Gov't Response") at 3. At the request of the Defendant, Stokes testified in person at the sentencing hearing. *Id.* Prior to the testimony, the Government disclosed impeachment information about Stokes, including his criminal history and the fact that Stokes was currently serving a life sentence in federal prison for murder. Cross examination of Mr. Stokes elicited these facts as well. *Id.*, Exhibit 1.

The Government subsequently called Stokes to testify in the Defendant's unrelated 2013 trial in which he was found guilty of violating 18 U.S.C. § 1958(a), use of an interstate commerce facility in the commission of a murder-for-hire. *See USA v. Jose Joaquin Morales*,

RWT 12-cr-480. Prior to Stokes' testimony at trial, the Government disclosed excerpts from Stokes' presentence report ("PSR") that focused on his alleged participation in a conspiracy to kill witnesses if they testified against him. Motion for New Trial, Oct. 14, 2013, ECF No. 112 ("Def. Mot.").

On October 14, 2013, the Defendant filed a Motion for New Trial. *Id.* Defendant argues in his motion that the excerpts from the PSR "should have been disclosed to counsel and the Court at the time the Government sought to have the Court rely on [Stokes'] testimony in seeking a sentencing enhancement" in the Defendant's prior case. *Id.* The Defendant's motion seems to argue that had the Court been aware of this *Giglio* information about Stokes, it would have discredited his testimony and denied imposing an upward adjustment for obstruction of justice. *Id. See also Giglio v. United States*, 405 U.S. 150 (1972). The Government filed a response to Defendant's motion on November 15, 2013. ECF No. 115.

This case is currently pending on appeal to the Fourth Circuit. Under Federal Rule of Criminal Procedure 37(a), "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

This motion does not raise a substantial issue and there is no need for the court to defer consideration. Primarily, Federal Rule of Criminal Procedure 33 applies only to cases in which a trial occurred. *See, e.g., United States v. Lambert*, 603 F.2d 808 (10th Cir. 1979) (holding that Rule 33 does not apply to challenge a guilty plea and "applies only to cases in which a Trial, either to the court or to a jury, has taken place"). Even if Rule 33 applied to sentencing hearings, this additional impeachment information would not constitute sufficient grounds for a new

hearing. The Fourth Circuit has clearly enumerated five requirements for a court to grant a new trial under this rule:

> (a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir. 1987). *See also United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993) ("The standard for granting a new trial is well established in this Circuit."). The excerpts from Stokes' PSR are not only cumulative, as the Court was aware of Stokes' criminal history, but also impeaching.[1] The evidence is also not so significant that it "would probably produce an acquittal" or in this case, a reconsideration of the sentencing enhancement. During the sentencing hearing, this Court noted that it did in fact view Stokes' testimony with caution but that it nonetheless found the testimony credible especially in light of other corroborating evidence. Gov't Response at 5. Therefore, even if a motion under Rule 33 were appropriate considering the Defendant did not go to trial, this new evidence would not constitute a sufficient basis for granting a new sentencing hearing.

Accordingly, it is this 17th day of January, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Defendant's Motion for New Trial, ECF No. 112, is **DENIED.**

/s/<br>
ROGER W. TITUS<br>
UNITED STATES DISTRICT JUDGE

---

[1] In fact, the Defendant's own motion describes this as impeaching evidence. Def. Mot. at 3.